HENRY GODFREY AND HAZEN CAMPBELL v. CHESTER DOWNER, SURVIVING ADMINISTRATOR OF SOLOMON DOWNER'S ESTATE.

*Audita Querela. Parties.*

Judgment by default against two, without notice to either. Judgment sued, and judgment obtained against one, on whom was personal service. Afterwards the other was sued upon the original judgment. *Held*, that *audita querela* to set aside original judgment, was properly brought in the name of both.

AUDITA QUERELA to set aside a judgment by default against the complainants in favor of the intestate, rendered at the May term, 1859, without personal notice to the complainants, or either of them, and without recognizance for review, upon which judgment the defendant had brought suit against said Godfrey, which was pending. Pleas, the general issue, and *actio non*, because the defendant and his co-administrator, at the May term, 1867, brought suit on said judgment against the complainants, with personal service on said Campbell, but no service on said Godfrey, and recovered judgment therein against Campbell, which remained in full force. General demurrer to the special plea.

The court, at the December term, 1873, BARRETT, J., presiding, overruled the demurrer, held the plea sufficient, and rendered judgment for the defendant. Exceptions by the complainants.

*Wm. Hebard,* for the complainants, cited *Clark* v. *Freeman,* 5 Vt. 122 ; *Gleason* v. *Peck et als.* 12 Vt. 56 ; *Scott* v. *Chase,* 14 Vt. 77 ; *Titlemore* v. *Wainwright,* 16 Vt. 173 ; *Starbird et als.* v. *Moore,* 21 Vt. 529; *Poultney* v. *State Treasurer,* 25 Vt. 168; *Shumway* v. *Sargeant,* 27 Vt. 440 ; *Herrick* v. *Orange Co. Bank,* 27 Vt. 584 ; 1 Swift's Dig. 789 ; *Johnson & Davis* v. *Plimpton,* 30 Vt. 420 ; *Finney* v. *Hill,* 13 Vt. 255.

*W. C. French,* for the defendant, cited *Chase* v. *Scott,* 14 Vt. 77 ; *Titlemore* v. *Wainwright,* 16 Vt. 173 ; *Johnson et al.* v. *Plimpton,* 30 Vt. 420 ; *Corbett* v. *Barnes,* Cro. Car. 443 ; *Brackett* v. *Winslow,* 17 Mass. 153.

The opinion of the court was delivered by

WHEELER, J. The judgment which this suit was brought to set aside, was against both these plaintiffs jointly. The suit brought on that judgment by this defendant against the plaintiff Campbell, was not brought to affect the validity of the judgment, but was founded upon it as a valid and regular judgment. Campbell could not show the grounds on which this present suit is founded, in defence of that action. If he could have done so, and did not do it at all, or if he had done so and it had been decided that the grounds were not a good defence, in the one case these grounds might have been effectually waived by him, and in the other conclusively adjudicated upon against him. But the judgment appears to have been good on its face, and unimpeachable except in a proceeding like the present, brought to bear upon it directly. The second judgment should and could, therefore, have no effect upon the right of Campbell even to have the first judgment set aside for the infirmities complained of here. Both these plaintiffs, upon the facts alleged in the plea, had a right to have the original judgment set aside, which was as good to each of them as this right ever had been. This is the only point made in argument upon either side, and on this point the judgment here is that the special plea is insufficient.

As the general issue has been pleaded with this plea, and the cause could not be tried upon that, because the special plea was demurred to and adjudged sufficient, the cause must be remanded for trial upon that.

Judgment reversed, and cause remanded.